<table>
<tr><td>8a</td><td>73!</td></tr>
<tr><td>46</td><td>634</td></tr>
</table>

No amendments can be made to the judgments of the District Courts, if the appellee does not ask for them in the manner required by the Code of Practice.

A judgment cannot be amended in favor of the appellee, and damages, at the same time, allowed him for a frivolous appeal.

When the judgment enjoins bears ten per cent. interest, no more interest can be allowed on the dissolution of the injunction.

APPEAL from the District Court, Tenth District, Parish of Carroll. *Selby,* for plaintiff and appellant. *Caldwell,* for defendants.

DUNBAR, J. In this case the District Judge dissolved the injunction with ten per cent. per annum interest on the amount of the judgment enjoined, from the 3d June, 1852, until paid, and the plaintiff has appealed.

The defendants have filed no answer to the appeal stating the points on which they think they have sustained wrong, and praying that the judgment be reversed with respect to them, and confirmed with costs on the rest, but have contented themselves with a statement of these points in the Brief of their attorney, with a prayer for amendment and an affirmance of the judgment of the District Court, with damages for a frivolous appeal and ten per cent. special damages for Counsel fees.

We cannot make these amendments to the judgment of the District Court, because the appellees have not asked for them by an answer filed in conformity to the provisions of the Code of Practice, Art. 888, 907; 4 An'l, 150; 5 An'l, 146. Nor could we amend the judgment in favor of the appellee, and at the same time award him damages for a frivolous appeal. *Desblieux* v. *Darbonneaux,* 2 Martin, N. S., 217.

We are satisfied from the evidence that the District Judge did not err in dissolving the injunction, but he should not have given any interest, as the judgment injoined bore ten per cent. interest, and no other interest can be allowed on the dissolution of the injunction, *Erwin* v. *Bank of Kentucky,* 5 Annual, p. 5. However, as we believe that substantial justice has been done, and the interest allowed will not exceed or even equal the damages which should have been given, we are not disposed to make any change in the judgment of the District Judge, which is affirmed with costs in both Courts.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

J. ROBATHAM, Tutor et al, *v.* FRANÇOIS AMEDE TETE.

Since the adoption of the Code of Practice, a judgment against the original debtor is no longer necessary to support an action of mortgage, even when the *via executiva* is resorted to. The only requisite in such case is an amicable demand from the debtor, or his heirs, thirty days before filing the petition.

APPEAL from the District Court, Fifth District, Parish of Assumption. *Mailhot* and *Mills,* for plaintiffs and appellants. *J. C. & A. Beattey,* for defendants.

10

ROBATHAM
*v.*
TETE.

ROST, J. The plaintiffs proceeded by the *via ordinaria* against the defendant, as third possessor of certain slaves formerly owned by the late Sarah Tong, their mother and tutrix, to subject them to their legal mortgage.

The defendant excepted to the petition on the ground that it does not clearly set forth the amount of the respective claims of the parties, and on the further ground that the plaintiffs have accepted the succession of their mother under benefit of an inventory, and can only maintain their action after the final settlement of her succession.

No action was had upon these exceptions, but the plaintiffs amended their petition, setting forth their claims with more precision, and the defendant then pleaded the general issue, and further that a tract of land belonging to Sarah Tong was sold at the probate sale of her succession, and that the plaintiffs cannot recover till they discuss the proceeds of the sale, *or credit them on their claim.* One of the exceptions was obviated by the amended petition, and the other must be considered as waived by the pleas to the merits. Those pleas, therefore, are alone to be considered.

The general denial having put at issue the reality and amount of the plaintiffs' claims, they adduced, to establish them, evidence which was received without objection, and which stands unimpeached. We think it makes out a *prima facia* case in their favor.

The District Judge dismissed the petition on the ground that there should have been a judgment against the tutrix before the action could be maintained. This objection was not raised by the defendant, and is, besides, untenable. Since the adoption of the Code of Practice, a judgment against the original debtor is no longer necessary to support an action of mortgage, even when the *via executica* is resorted to. The only requisite in such cases is an amicable demand from the debtor, or his heirs, thirty days before the filing of the petition. C. P., 69. The plaintiffs themselves are the beneficiary heirs of Sarah Tong and cannot be required to make a demand from themselves. It is in proof that Sarah Tong died insolvent; that her property was sold, and that after paying the privileged debts, there remains only a balance of $300 to be applied to the plaintiffs' claim. A demand from the administrator beyond that amount would have been useless, and the defendant does not insist upon it. He only asks that the balance, after payment of the privileges, be credited upon the plaintiffs' claim. We are of opinion that he is entitled to relief to that extent.

It is, therefore, ordered that the judgment of the District Court be reversed.

It is further ordered that the plaintiffs do have judgment in their favor, and that the defendant pay to them the sum of two thousand and eighty-four dollars, ninety-three cents, with legal interest from 1st April, 1853, till paid, or that he surrender the slaves Louise, Adelle and Negrillon, described in the petition, to be sold under the legal mortgage existing in favor of the plaintiffs, to pay said sum and interest. The defendant to pay the costs in both Courts.